**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**


**KEISHYA LOVE**                         ]
       **Plaintiff,**                    ]
                                         ]
**v.**                                   ]          **No. 3:16-2508**
                                         ]          **Judge Campbell**
**AMERICAN GENERAL LIFE**                ]
       **Defendant.**                    ]


# O R D E R

The Court has before it a *pro se* complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 2).[1]

The plaintiff is a resident of Statesboro, Georgia. It appears from her application that she lacks sufficient financial resources from which to pay for the filing of the complaint. Therefore, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

Because the plaintiff is being allowed to proceed as a pauper, the Court is now obliged to review the complaint to ascertain whether its claims should go forward. 28 U.S.C. § 1915(e)(2).

The plaintiff's father recently passed away. He carried an insurance policy through the defendant insurance company naming the plaintiff as his beneficiary. Apparently, the defendant has not satisfied the policy and plaintiff is bringing this "life insurance policy claim".

---

[1] The plaintiff has set forth her claim on a Title VII complaint form. However, she is not alleging employment discrimination on the part of the defendant. Therefore, the Court construes this action as one brought pursuant to diversity of the parties rather than a federal question.

1

Federal district courts are courts of limited jurisdiction. Rowan & Son v. Department of Housing and Urban Development, 611 F.2d 997, 998 (5th Cir. 1980). They are empowered to adjudicate only those claims involving parties with diversity of citizenship, 28 U.S.C. § 1332, and those claims arising from a federal question. 28 U.S.C. § 1331.

Plaintiff's claim appears to involve a simple contract dispute rather than a federal question. Thus, plaintiff's claim is actionable in this Court only if she can show diversity jurisdiction. For diversity jurisdiction to attach, there must be complete diversity of citizenship between the parties, i.e., the plaintiff's citizenship must be diverse from the citizenship of the defendant. Catepillar, Inc. v. Lewis, 117 S.Ct. 467, 472 (1996). Moreover, there must be an amount in controversy exceeding the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332 (a).

In this instance, there does appear to be a diversity of citizenship between the parties. However, the amount in controversy is only $5,000. Docket Entry No. 1 at pg. 4. As a consequence, this Court has no jurisdiction to adjudicate the plaintiff's claim.

A district court is obliged to consider matters of jurisdiction, *sua sponte* if necessary. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). Here, the plaintiff has failed to show that her claim falls within the scope of this Court's jurisdiction. Accordingly, this action is hereby DISMISSED for lack of subject matter jurisdiction.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.


Todd Campbell
United States District Judge

2